UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EILEEN DIANE WHEALE, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CAUSE NO.: 3:20-CV-702-TLS |

**OPINION AND ORDER**

The Plaintiff Eileen Diane Wheale seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income. Because the ALJ failed to properly consider the evidence of the Plaintiff's diabetic neuropathy in evaluating the opinion evidence, reversal and remand for further proceedings is required.

**PROCEDURAL BACKGROUND**

On December 29, 2017, the Plaintiff filed an application for supplemental security income, alleging disability beginning on November 21, 2017. AR 193, 194, ECF No. 11. After the claim was denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on March 15, 2019. AR 31. On August 8, 2019, the ALJ issued a written decision, finding the Plaintiff not disabled. AR 15–25. The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–3. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On August 19, 2020, the Plaintiff filed her Complaint [ECF No. 1] in this Court,

seeking reversal of the Commissioner's final decision. The Plaintiff's appeal is fully briefed and ripe for ruling. *See* ECF Nos. 15, 18, 19.

## THE ALJ'S DECISION

For purposes of supplemental security income, a claimant is "disabled . . . if [she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 416.920.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since December 29, 2017, the application date. AR 17.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 416.920(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of diabetes with peripheral neuropathy and degenerative joint disease of the left knee. AR 17.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. § 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with

other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing. AR 18.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 416.920(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b) as she is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently and sit, stand and/or walk for six hours in an eight hour workday.

AR 19.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. § 416.920(a)(4)(iv), (f). In this case, the ALJ found the Plaintiff capable of performing past relevant work as a cashier II and cashier-checker and, thus, not under a disability since December 29, 2017. AR 23–24. As a result, the ALJ did not make a finding at step five as to whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v), (g). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. §§ 404.1512, 416.912.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (citations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758

F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, the Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ failed to properly consider the disabling limitations stemming from her diabetic neuropathy. More specifically, the Plaintiff contends that the ALJ erred in evaluating the opinion evidence of her treating podiatrist as well as the state agency reviewing physicians. The Court finds that remand is required for the ALJ to properly evaluate the opinion evidence.

The residual functional capacity ("RFC") is a measure of what an individual can do despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 416.945(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id.* at *5. The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)).

5

In reviewing a disability claim, an ALJ has an obligation to evaluate every medical opinion and explain the persuasiveness of the opinion. *See* 20 C.F.R. § 416.920c(a), (b). Medical opinions are evaluated using the following factors: (1) supportability, which means how well the objective medical evidence and supporting explanations presented by a medical source support the opinion; (2) consistency, which means how consistent the medical opinion is with the evidence from other medical sources and nonmedical sources; (3) relationship with the claimant, which considers the length of a treatment relationship, the frequency of examinations, the purpose of a treatment relationship, the extent of a treatment relationship, and whether there is an examining relationship; (4) specialization of the medical source; and (5) any other factors that tend to support or contradict the medical opinion. *Id.* § 416.920c(c)(1)–(5). The most important factors for evaluating the persuasiveness of a medical opinion are supportability and consistency. *Id*. § 416.920c(a), (b)(2). Therefore, the ALJ will explain how the ALJ considered those two factors in making the disability decision. *Id*. § 416.920c(b)(2). However, the ALJ may, but is not required to, explain how the ALJ considered the remaining three factors. *Id.*

The Plaintiff first argues that the ALJ failed to properly evaluate the opinion of William Roman, D.P.M., the Plaintiff's treating podiatrist. On November 19, 2018, the Plaintiff presented to Dr. Roman with pain and tingling in both of her feet. AR 556. She reported that she was working as a cashier at a gas station but that she could not stand by the end of her shift due to the burning and tingling, which was too painful. *Id.* Dr. Roman performed monofilament wire testing, noting that the testing caused burning sensation bilaterally. *Id.* Dr. Roman found the Plaintiff to have "painful neuropathy" and calluses and prescribed diabetic shoes. *Id.* Notably, nowhere in the ALJ's opinion—either in the recitation of the medical evidence or in considering

the opinion evidence, does the ALJ discuss the objective monofilament testing or acknowledge that the diagnosis of neuropathy is based on that testing.

On February 1, 2019, Dr. Roman completed a physical assessment form, indicating the Plaintiff's diagnosis of neuropathy secondary to diabetes mellitus. AR 680. He opined that the Plaintiff's symptoms would frequently interfere with attention and concentration to perform simple work-related tasks, her medications would be expected to cause drowsiness, and she would need to lie down or recline during the workday outside normal, customary breaks. *Id.* Dr. Roman further opined that the Plaintiff is able to walk half a block before needing rest, is limited to standing and walking two hours in an eight-hour workday, would require frequent, unscheduled breaks every 1–2 hours for 20 minutes at a time, and would be absent more than four times a month. AR 680–81.

The ALJ found Dr. Roman's opinion to be "not persuasive, as it is not supported by or consistent with the record." AR 23. However, the ALJ's reasoning fails to focus on the diabetic neuropathy that is the basis of Dr. Roman's opinion, and the ALJ provides explanations unrelated to that underlying neuropathy. First, the ALJ reasoned that "[t]he record indicates that the claimant's diabetes has been without complication and is managed through the use of medication." *Id.* However, Dr. Roman's opinion is based on neuropathy secondary to diabetes. AR 680. Therefore, the fact that the Plaintiff's blood sugar level is controlled with medication does not inform the severity of her symptoms and limitations due to neuropathy in her feet.

Second, the ALJ noted that "the record indicates that physical examinations have longitudinally been unremarkable except for some occasional limited range of motion, tenderness and swelling of her left knee and some diminished sensation of her lower extremities." AR 23. The ALJ improperly relied on the records regarding range of motion and

7

swelling of the Plaintiff's knee to discredit Dr. Roman's opinions because he did not treat the Plaintiff for her knee condition. Dr. Roman's opinion regarding her limitations and her need to lie down during the day is based on her neuropathy secondary to diabetes. Moreover, it is unclear how the longitudinal records of "some diminished sensation of her lower extremities," *id.*, is inconsistent with Dr. Roman's opinion based on neuropathy in her feet.

Next, the ALJ commented that, "[e]xcept for her left knee, her extremities have longitudinally been noted to be without swelling, which suggests that the claimant does not need to recline during the day." *Id.* However, Dr. Roman's opinion that the Plaintiff will need to lie down during the day is not based on swelling but rather based on the painful neuropathy in her feet. AR 556, 680. This explanation is not supported by the record.

Last, the ALJ found Dr. Roman's prescription of diabetic shoes and orthopedic inserts to manage her neuropathy to be "conservative treatment" that is "inconsistent with such extreme limitations." *Id.* The ALJ cited no record evidence that the Plaintiff's neuropathy or limitations due to the pain in her feet were reduced as a result of wearing diabetic shoes or that her pain was reduced sufficiently enough to allow her to perform the exertional requirements of light work. The Plaintiff notes that Dr. Roman's February 1, 2019 Physical Assessment was issued several month after he prescribed the diabetic shoes. There appears to be no contemporaneous evidence that provides a basis for finding Dr. Roman's opinion unpersuasive.

The Plaintiff also argues in her brief that the ALJ ignored the Lower Extremity Functional Scale (LEFS) that was completed in February 2018, which further supports her claims of disabling pain. *See Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) (finding "that the ALJ was inappropriately selective in choosing the evidence on which she based her opinion" and rejecting the "sound-bite" approach to record evaluation). The Commissioner did not provide

any response to this argument in the response brief.[1] The Plaintiff reported extreme difficulty or inability to perform housework, hobbies, bathing, walking between rooms, putting on shoes or socks, squatting, standing for one hour, running on even or uneven ground, making sharp turns while running fast, hopping, or rolling over in bed. AR 413. She reported "quite a bit of difficulty" with lifting an object from the floor, performing light or heavy activities around the home, getting into or out of car, walking 2 blocks or a mile, going up or down 10 stairs, or sitting for one hour. *Id.* The Plaintiff also reported extreme interference with her ability to do normal work and social activities due to pain. AR 414.

The Court finds that the ALJ has not created a logical bridge between the reasons for finding Dr. Roman's opinion not persuasive and the evidence of record of debilitating neuropathy secondary to diabetes. *See Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015); *Jelinek v. Astrue*, 662 F.3d 805, 812 (7th Cir. 2011). Remand is required for the proper consideration of this opinion.

The Plaintiff also argues that the ALJ improperly relied on the opinions of state agency physicians J. Sands, M.D. and Jerry Smartt, J.R., M.D. On February 6, 2018, Dr. Sands completed a Physical Residual Functional Capacity Assessment, opining that the Plaintiff is able to perform the equivalent of light work, namely that she is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently and sit, stand, and/or walk for six hours in an eight-hour workday. AR 90–91. This assessment was affirmed by Dr. Smartt on June 2, 2018. AR 101–02. The ALJ found their opinions persuasive on the basis that they are consistent with and supported by the record. AR 22.

---

[1] Instead, the Commissioner spends several pages arguing that the ALJ was not biased against the Plaintiff. Def. Resp. 8–10, ECF No. 18. However, the Plaintiff did not argue bias.

First, the Plaintiff argues that these opinions are "stale." Dr. Sands and Dr. Smartt gave their opinions in February 2018 and June 2018, respectively, many months before Dr. Roman's November 2018 diagnosis of neuropathy based on objective testing and the prescription for diabetic shoes. AR 93, 103, 680–81. Although the opinions were given less than a year earlier, they are nevertheless "outdated" because the opinions predate this important medical evidence that could have changed their opinions. *See Pavlicek v. Saul*, 994 F.3d 777, 783–84 (7th Cir. 2021) ("An ALJ must not rely on a physician's assessment 'if later evidence containing new, significant medical diagnoses reasonably could have changed' the physician's views." (quoting *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018))); *Campbell v. Astrue*, 627 F.3d 299, 309 (7th Cir. 2010) (finding that the ALJ erred by not adequately explaining why the opinions of a state agency psychiatrist and psychologist were entitled to greater weight when they did not have access to subsequently created medical records from a treating psychiatrist).

Second, as with the evaluation of Dr. Roman's opinion, the ALJ assessed these opinions based on findings that the Plaintiff's diabetes "has been without complication" without discussing the limitations flowing from the Plaintiff's diabetic neuropathy. AR 22. The ALJ also again focused on the Plaintiff's knee impairment and failed to explain how the diminished sensation of the Plaintiff's lower extremities is inconsistent with her ongoing complaints of disabling foot pain. AR 22–23. In the response brief, the Commissioner improperly attempts to provide reasoning not articulated by the ALJ by suggesting that the Plaintiff was not compliant with physical therapy treatment. Def. Br. 5–6, ECF No. 18. However, the ALJ did not rely on non-compliance in assessing the opinion evidence. *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (finding that the Commissioner cannot defend the ALJ's decision on grounds not relied on by the ALJ).

The opinions of Dr. Sands and Dr. Smartt were the only opinions the ALJ used to support the RFC for a full range of light work. Thus, the ALJ has failed to build a logical bridge between the decision and the evidence in finding these opinions more persuasive than the subsequent opinion of Dr. Roman, which was based on new, objective medical findings.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 15] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on June 29, 2022.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT